IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY BEARDEN,<br><br>    Plaintiff,<br><br>  v.<br><br>KEVIN SUTO, et al.,<br><br>    Defendants.<br>_____ | No. C 05-0340 MMC (PR)<br><br>**ORDER OF DISMISSAL**<br><br>**(Docket Nos. 2, 6, 7)** |

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants, SVSP employees, verbally harassed him. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation w

committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 48 (1988).

B.   **Legal Claims**

Plaintiff complains of verbal abuse by the defendants.  Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983.  See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (holding "disrespectful and assaultive comments" by prison guard insufficient to implicate Eighth Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir. 1987) (holding allegations of vulgar language directed at prisoner insufficient to state constitutional deprivation under § 1983)  Here, plaintiff alleges that defendant Kevin Suto laughed at plaintiff's history of sexual abuse, that defendant Scarvazino made lewd comments to him, that defendant Delanie called him an "asshole" and that defendant Kale did nothing to stop these "abuses."  Such verbal harassment, without more, does not rise to the level of a constitutional violation.  See id.

## CONCLUSION

In light of the foregoing, the above-entitled action is DISMISSED for failure to state a cognizable claim for relief.  In light of the dismissal, the requests for a temporary restraining order and permanent injunction are DENIED.

This order terminates Docket Nos. 2, 6, and 7.

The Clerk shall close the file and terminate any pending motions.

IT IS SO ORDERED.

DATED: May 18, 2005

                                 /s/ Maxine M. Chesney
                                MAXINE M. CHESNEY
                                United States District Judge