IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY BEARDEN, | ) | No. C 05-0340 MMC (PR) |
| Plaintiff, | ) ) | **ORDER DENYING MOTION TO AMEND** |
| v. | ) ) | |
| KEVIN SUTO, et al., | ) ) | |
| Defendants. | ) | **(Docket No. 12)** |
| _____ | ) | |

    Plaintiff, an inmate at Salinas Valley State Prison ("SVSP") proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants, SVSP employees, verbally harassed him. By order filed May 18, 2005, the Court dismissed the complaint for failure to state a cognizable claim for relief. See generally Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (holding allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983). Leave to amend was not granted because the factual allegations of verbal harassment, no matter how amended, would not rise to the level of a constitutional violation. See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). On May 19, 2005, judgment of dismissal was entered.

    Now before the Court is plaintiff's Motion to Amend Complaint, filed June 1, 2005, by which plaintiff seeks to allege new and distinct claims of inadequate medical care. Plaintiff may raise these medical claims in a new complaint filed in a new action; he will not, however, be given leave to reopen this closed action and amend his verbal harassment

claims to set forth a new case.

Accordingly, plaintiff's motion for leave to amend is DENIED.

This order terminates Docket No. 12.

IT IS SO ORDERED.

DATED: June 6, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge

2